IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CLIFFORD CLARK, No. 2239054, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 2:22-CV-229-Z-BR |
| TRACY CARR, *et al.*, | | |
| Defendants. | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DISMISS § 1983 CLAIM

Plaintiff, Clifford Clark, filed a civil complaint under 42 U.S.C. § 1983. (ECF 3). By order signed March 31, 2023, the Court gave Plaintiff notice of the deficiencies in his complaint and ordered that he file an amended complaint stating with specificity all material facts that would support his claims against each named defendant. The order cautioned that failure to comply might result in the dismissal of his claims without further notice.

Plaintiff has filed his amended complaint naming Tracy Carr, S. Harp, Lynnette Jalufka, Debra Byars, and "Director of TDCJ" as Defendants. (ECF 8). He has not, however, pleaded specific facts to support a § 1983 claim against any of them. At best, Plaintiff has a state law tort claim for theft of his property. He has not shown that any of the defendants violated his constitutional or federal statutory rights. As the Court explained in the order to replead:

The facts pleaded must allow a court to infer that the plaintiff's right to relief is plausible. *Iqbal*, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Id.* In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.* at 679. "Determining whether

a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

To state a cause of action under 42 U.S.C. § 1983, the plaintiff must allege that (1) some person has deprived him of a federal statutory or constitutional right, and (2) that person acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020). The doctrine of *respondeat superior* does not apply to a § 1983 action. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). That means that a defendant cannot be held liable simply because of his position as a supervisor. Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). The plaintiff must allege facts sufficient to show that each defendant violated his constitutional rights.

It is well settled that a prisoner does not have a constitutional right to an effective grievance procedure, and he has no due process liberty interest in having grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005); *Hill v. Walker*, 718 F. App'x 243, 249–50 (5th Cir. 2018). Moreover, the failure of the prison to follow its own policies, including the failure to address prisoner grievances, is not sufficient to make out a civil rights claim. *Richardson v. Thornton*, 299 F. App'x 461, 464 (5th Cir. 2008) (citing *Meyers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)).

As the Fifth Circuit has noted, violation of prison regulations requiring that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of the prisoner's constitutional rights. *Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993). As there could be a legitimate penological interest in opening mail, Plaintiff must do more than simply allege that his mail was opened. *Id.* Plaintiff fails to allege any facts to show that he suffered any actual injury or legal prejudice of any kind resulting from the alleged tampering with or hindering of his mail. He

must do more than speculate in order to proceed with his claims. *Hennington v. Gorsuch*, No. 6:20-CV-00302, 2022 WL 18276844, at *6 (E.D. Tex. Nov. 28, 2022); *Smith v. Wichita Cnty.*, No. 7:22-cv-00011-M-BP, 2022 WL 2959583, at *2–3 (N.D. Tex. June 30, 2022).

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the amended complaint (ECF 8) filed by Plaintiff be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 25, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).